Donahue, J.
The demurrer to the amended petition presents the question of the constitutionality of a number of sections of the act of the general assembly passed May 7, 1915 (106 0.‘ L., 246), entitled “An act to provide for the listing and valuation of property for purposes of taxation and to repeal certain sections of the General Code, relating thereto,” and the act of May 20, 1915 (106 O. L., 433), amending Sections 31, 32 and 39 of the former act.
Perhaps the most important question presented by the record in this case is the question of the constitutionality of Section 18 of the original act and Sections 31, 32 and 39, as amended May 20, 1915.
*171 Section 18 authorizes the county auditor, when he deems it necessary to enable an assessor to complete his work within the time prescribed, to appoint one or more assistant assessors for such ward, district, city, village or township.
Section 31 constitutes the county treasurer, prosecuting attorney, probate judge and the president of the board of county commissioners of each county, a county board for the appointment of three members of a county board of revision.
Section 32 authorizes this county board to appoint three competent persons who shall constitute the county board of revision.
Section 39 provides for the organization of the county boards of revision whose members are so appointed.
Section 1 of Article X of the Constitution of Ohio requires that “the general assembly shall provide, by law, for the election of such county and township officers as may be necessary.”
If assistant township assessors are township officers and the members of county boards of revision are county officers, these sections are in clear conflict with this provision of the constitution requiring township and county officers to be elected.
An examination of the sections of this act purporting to define the duties of assistant township assessors and the duties of boards of revision leaves no possible doubt as to the official character of either. But the mere fact that they are officers does not necessarily make them township or county officers.
*172 Section 17 provides for the election of a township assessor, and provides that he shall take and hold his office for the term of two years, from and after the first day of January following his election. It also provides that the assessor shall be a citizen, possessing the qualifications of an elector of the township.
Section 18 authorizes the county auditor to appoint an assistant assessor, who shall possess all the qualifications of an elected assessor, and, in the work assigned to him, perform all the duties and be subject to all the liabilities and penalties enjoined upon elected assessors by law. It would appear from this provision that an assistant assessor is entirely independent of the elected assessor in that township; that he is in no sense a deputy, but on the contrary performs the same duties and has the same power and authority as the elected assessor. If an elected township assessor is a township officer, an assistant township assessor appointed under the provisions of Section 18 is also a township officer.
A. county board of revision is appointed by a board whose members are county officers. It acts in an independent capacity, with authority to do and perform official acts for the whole county. .It is clothed with some part of the sovereign power of the state, to be exercised in the interest of the public as required by law. It is designated by statute as “The County Board of Revision.” Its official authority is coextensive with the territorial limits of the county. The salaries of its members are paid from county funds.
*173 These facts bring the members of the county board of revision clearly within the doctrine announced by this court in the case of State, ex rel. Armstrong, v. Halliday, 61 Ohio St., 171; State, ex rel., v. Brennan, 49 Ohio St., 33, and State, ex rel. Guilbert, v. Yates, 66 Ohio St,, 546, 550.
This court, however, in the more recent case of State, ex rel. Pogue, v. Groom, 91 Ohio St., 1, held that members of the county budget' commission are county officers. It is impossible to distinguish between members of the county budget commission and members of the county board of revision, unless, perhaps, it would the more clearly appear that the latter are county officers within the meaning of Section 1 of Article X of the Constitution of Ohio.
It is said, however, that the function of valuing property for taxation is neither a county nor a township nor a municipal function, but rather a state function, and that in the nature of things the state alone can deal with this problem through state agencies only. This claim overlooks the fact that county and township organizations are provided for by the constitution itself; that these subdivisions are agencies of the state, and '“constituent parts of the scheme of permanent organization of the government of the state.” State, ex rel., v. Yates, supra, 551.
The general assembly has in this act created certain township and county offices and conferred authority on the incumbents of these offices to perform certain duties incident to the exercise of the taxing power of the state. Whenever it does this it must observe the constitutional provisions in ref *174 erence to such offices. Under the laws of this state, the principal duties of county auditors and county treasurers relate to the levying and collection of taxes. Certainly it cannot be claimed that these officers are not county officers, and yet that contention would be equally as sound as the contention that members of county boards of revision- are not county officers, because their official duties are in connection with the exercise of the taxing power of the state.
It is conceded by counsel for defendants in error that if township assessors and members of the county board of revision are officers within the meaning of Section 20 of Article II of the Constitution, Sections 23 and 35 of this act are in conflict with that constitutional provision.
Section 35 authorizes the county commissioners to fix annually the compensation of the members of each county board of revision at not less than $3.50 nor more than $10 per day.
Section 23 provides that the compensation of assessors and assistant assessors shall not be less than $3 nor more than $6 per day, which compensation shall annually be fixed within such limits by the county auditor subject to the approval of the board of county commissioners.
This is an attempt to delegate to the auditor and board of county commissioners the legislative authority conferred upon the general assembly by Section 20 of Article II of the Ohio Constitution, to fix the compensation of all officers. These sections are in direct conflict with that constitutional provision and void. State, ex rel. Montgomery, v. *175 Rogers, 71 Ohio St., 203, 219; State, ex rel. Guilbert, v. Yates, 66 Ohio St., 546, 551, and Cricket et al. v. State, 18 Ohio St., 9.
Section 17 provides that the term of the assessors shall be two years. The authority conferred by Section 23 upon the county auditor, annually to fix the compensation of these officers, is also in clear conflict with the further provisions of Section 20 of Article II, providing that the salary of an officer shall not be changed during his existing term of office, unless the office be abolished. It is the opinion, however, of a majority of this court that this provision does not apply where ¿ statute fixing the compensation of an officer fails by reason of its unconstitutionality.
These sections not only fail ¡to fix the compensation of these officers, but also fail to fix any rule by which the compensation can be determined uniformly in the several counties of the state, within the meaning of Section 20 of Article II of the Constitution, as interpreted in the cases above cited.
The assessors and assistant assessors may receive from $3 to $6 per day, as determined by the county auditor, subject to the approval of the board of county commissioners. The members of each county board of revision may receive from $3.50 to $10 per day, as the board of county commissioners may direct. There is no requirement that the compensation in the several counties shall be fixed by any uniform rule. On the contrary, the amount that these officers shall receive in each particular county depends upon the judgment and discretion of the county auditor and the board of *176 county commissioners of each county, subject only to the limitation named in these sections. For this reason this provision offends against Section 26 of Article II of the Constitution, requiring that all laws of a general nature shall have a uniform operation throughout the state. State, ex rel., v. Yates, supra.
Section 3 of this act provides that the duties imposed upon the district assessor “by any existing provision of any law repealed by this act * * * shall devolve upon and be performed by the county auditor.”
Section 17 provides, among other things, that the elected assessor “shall perform all the duties, exercise all the powers and be subject to all the liabilities and penalties devolved, 'conferred or imposed by law upon the deputy assessor so appointed.”
Section 103 of the same act expressly repeals Sections 5368 and 5579 to 5624-20, both inclusive, of the General Code, which among other things define the duties and powers, and impose the liabilities and penalties upon, appointed assessors.
The parts of Sections 3 and 17 just quoted conflict with Section 16 of Article II of the Constitution, which provides: “No law shall be revived, or amended unless the new act contains the entire act revived, or the section or sections amended, and the section or sections so amended shall be repealed.”
While it was held by this court in the case of Lehman v. McBride, 15 Ohio St., 573, that the clause in Section 16 of Article II, which provides *177 that “the section or sections so amended shall be repealed,” is directory only to the general assembly, and was not intended to abrogate the long-established rule as to repeals by implication, yet it is clear that this court entertained a different view as to the other provisions in the same section of the constitution.
In the opinion in that case, at page 603, it is said that the purpose of this constitutional provisiones to make “all acts, when amended, intelligible, without the examination of the statute as it stood prior to the amendment, it requires every section intended to supersede a former one to be fully set out. No amendments are to be made by directing specified words or clauses to be stricken from, or inserted in, the section of a prior statute which may be referred to; but the new act must contain the section as amended.”
Aside from this positive declaration of this court in the case of Lehman v. McBride, supra, it is clear that this provision of the constitution requiring each new act to contain the entire act as revived, or the section or sections amended, is mandatory; otherwise repealed sections must be given the same force and effect as if they were not in fact repealed.
The repeal of a statute is the end of that statute. To all intents and purposes it is the same as if it, had never existed. Reference in a legislative act to a repealed law, as supplementary or explanatory of the new act, is an absurdity, prohibited by this provision of the constitution.
*178 Any other course would lead to endless confusion and uncertainty, and prevent an intelligent administration of the statutory law of this state. The fact that a statute is recently repealed, or repealed by the same act which refers to it, is no argument in favor of such loose legislation. If that can be done, then reference can be made to a statute repealed half a century ago, or the new section may remain unrepealed for the next half a century. In either case it would require that all repealed statutes be carried into each edition of the General Code published, otherwise there would be no means available to determine the scope, intent and purpose of the act which incorporates by reference a part of the provisions of the repealed law. This of course would be wholly impracticable, if not impossible.
It is claimed, however, by counsel for the defendants in error that even if Section 3 of this act is unconstitutional, nevertheless Sections 5398 to 5414, inclusive, General Code, survive not only the act now under consideration but also the act of April 18, 1913 (103 O. L., 786), and that these sections confer upon the county auditor full authority to do and perform the duties that Section 3 of this act attempts to define by reference to the repealed statute. That argument does not aid the court in determining the constitutionality of this section, nor does this contention of counsel apply to Section 17 of this act, for the reason that the statutes relating to the duties of an appointed assessor have all been repealed.
*179 For the reasons given, the provisions of Section 17, that an elected assessor “shall perform all the duties, exercise all the powers and be subject to all the liabilities and penalties devolved, conferred or imposed by law upon the deputy assessor so appointed,” and the act of May 20, 1915 (106 O. L., 433), and Sections 3, 18, 23, 31, 32, 35 and 39, and the provisions of all other sections relating to the appointment, duties and powers of assistant assessors and county boards of revision, contained in the act of the general assembly of Ohio passed May 7, 1915 (106 O. L., 246), are unconstitutional and void.
The judgment of the court of appeals of Cuyahoga county affirming the judgment of the com-, mon pleas court of that county, and the judgment of the common pleas court of Cuyahoga county, are reversed, and this case is remanded to the common pleas court with.directions to overrule the demurrer to the petition.

Judgments reversed.

Nichols, C. J., Wanamaker, Newman, Jones, Matthias and Johnson, JJ., concur.